**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| MARTIN SPANN,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>CITY OF LOS ANGELES, a government entity,<br><br>　　　　　Defendant-Appellee. | No.　15-56343<br><br>D.C. No.<br>2:14-cv-01751-AB-AGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted February 16, 2017[**]
Pasadena, California

Before:　TALLMAN and N.R. SMITH, Circuit Judges, and MURPHY,[***] District Judge.

---

　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

　[***]　　The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Martin Spann, a veteran and member of the Army Reserve, appeals the district court's grant of summary judgment in favor of the City of Los Angeles ("City") in his hostile work environment suit under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301–4335. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Assuming, without deciding, that harassment or hostile work environment is a cognizable claim under USERRA,[1] the district court properly granted summary judgment on Spann's hostile work environment claim. Reviewing the evidence in the light most favorable to Spann, *see Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004), undisputed evidence showed that Spann's colleagues made unwelcome verbal comments and gestures regarding his service and position in the military. However, Spann failed to raise a genuine issue of material fact that he was objectively subjected to a "pattern of ongoing and persistent harassment severe enough to alter the conditions of employment." *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1108 (9th Cir. 1998) (citing *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 66–67 (1986)).

---

[1] Because it was not raised, the issue is not properly before us. *See Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1129–30 (9th Cir. 2012).

"[C]onduct must be extreme to amount to a change in the terms and conditions of employment," and "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (citation and quotation marks omitted). Because the alleged harassment was not so severe or pervasive as to alter the terms and conditions of Spann's employment, we affirm.[2]

Each party shall bear its own costs on appeal.

**AFFIRMED.**

---

[2] Because we conclude that Spann did not have an actionable hostile work environment claim, we need not reach whether the City was liable for the actions of Spann's coworkers and supervisors. *See Swinton v. Potomac Corp.*, 270 F.3d 794, 803 (9th Cir. 2001).